| | |
|---|---|
| **STARK & STARK** | **ATTORNEY FOR PLAINTIFFS** |

By: CARIN O'DONNELL, ESQUIRE
Attorney I.D. # 84230
777 Township Line Road, Suite 120
Yardley, PA 19067
Phone (267) 907-9600
Fax    (267) 907-9659

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YEHUDA RUBIN and NECHAMA SANDLER, Individually and as Husband and Wife 103A Southfield Drive Lakewood NJ, 08701 : : : : : | |
| Plaintiffs, : | **JURY TRIAL DEMANDED** |
| : : | |
| TOWN AND COUNTRY ENERGY CORPORATION 439 Rutledgedale Road Equinunk, PA 18417 : : : : : | |
| Defendant : | |

## CIVIL ACTION COMPLAINT

### PARTIES

1.      Plaintiffs, Yehuda Rubin and Nechama Sandler are individuals, and husband, and wife who reside currently therein at 103 A Southfield Drive, Lakewood, NJ 08701.

2.      At all times material hereto, Defendant, Town and Country Energy Corporation, (hereinafter "Town and Country") was a corporation licensed to do business in the Commonwealth of Pennsylvania with a registered corporate address of 439 Rutledgedale Road, Equinunk, PA 18417.

3. Defendant Town and County is a distributor of propane, installs propane lines and water heaters, and provides repair, replacement, installation, inspection and maintenance services to water heaters and propane lines.

4. Camp Raninu was Plaintiff, Yehuda Rubin's employer at the time of this incident.

5. Camp Raninu is a summer youth overnight camp located at 62 Raninu Road, Honesdale, PA 18431.

## JURISDICTION AND VENUE

6. There is complete diversity of citizenship and the amount in controversy in this matter exceeds the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

7. Jurisdiction and Venue are properly placed with this Honorable Court pursuant to 28 USC §1332 and §1391, since the site of the underlying negligence and the negligent acts and/or omissions of the Defendant occurred primarily at Camp Raninu, which is located with the Middle District of Pennsylvania.

## FACTUAL BACKGROUND

8. Camp Raninu is a summer overnight camp for youths.

9. Youth campers come during summertime and stay overnight in cabins at Camp Raninu's campground located at 62 Raninu Road, Honesdale, PA 18431.

10. The campers stay in cabins that have water heaters located underneath in crawl spaces.

11. Specifically, at the time of this within incident, there were two water heaters located underneath Cabin #10.

12. The water heaters are used to heat water to allow the campers to have hot showers, baths, and to use the hot water for other needs.

13.     At all times material hereto, Plaintiff Yehuda Rubin was employed as a maintenance person for Camp Raninu and was in the course and scope of his employment at the time of this incident.

14.     Defendant Town and Country provides repairs, replacements, installation, inspections and maintenance services to propane lines and lines to water heaters located at Camp Raninu's campground.

15.     Defendant Town and Country has provided repairs, replacements, installation, inspections and maintenance services to lines of water heaters and propane lines at Camp Raninu for at least five (5) years prior to this incident.

16.     Prior to the within incident, Defendant Town and Country had installed a propane tank at Camp Raninu.

17.     Said propane tank is located approximately fifty (50) yards away from Cabin #10 located at Camp Raninu.

18.     Prior to the within incident, Defendant Town and Country had installed a propane yard line (hereinafter "yard line").

19.     In the alternative, Defendant had repaired, replaced, inspected, leak-tested, pressure-tested and/or maintained the yard line prior to Plaintiffs' incident.

20.     Upon information and belief, the yard line ran from the regulator of the aforementioned propane tank, beneath ground, under the roadway which is located behind Cabin #10 (hereinafter "roadway").

21.     Prior to the within incident, each cabin located along roadway had a service lateral/connection to the yard line.

22. Prior to the within incident, each cabin had a second stage regulator that was connected to the yard line and regulated propane directly from the yard line.

23. Approximately one and one-half (1½) years prior to the Plaintiffs' incident, a prior employee was injured when he lit a water heater in the crawl space underneath Cabin #10.

24. Specifically, that employee was in the crawl space of Cabin #10 and when he went to ignite the water heater there was an explosion causing severe burns to that employee.

25. Defendant Town and Country had actual and/or constructive notice of this prior incident.

26. Subsequent to this prior incident, Defendant Town and Country came to Camp Raninu and did inspect, repair, replace, correct, service and/or maintain any issue that may have caused this prior explosion at Cabin #10.

27. In the alternative, Defendant Town and Country came to Camp Raninu and did not inspect, repair, leak/pressure test, replace, correct, service and/or maintain any issue that may have caused this prior explosion at Cabin # 10.

28. Specifically, after the prior incident, Defendant Town and Country failed to conduct a leak test of the entire LP/propane system, which is required by NFPA 58, after an interruption in service occurs.

29. After the prior incident, Defendant Town and Country did not replace the second stage regulator in Cabin #10.

30. Upon information and belief, after this prior incident, Defendant Town and Country represented to Camp Raninu that there was no issue or concern regarding propane distribution at and/or to Cabin #10.

31. Upon information and belief, after the above-referenced prior incident, but before Plaintiffs' incident, Defendant Town and Country replaced at least one of the water heaters underneath Cabin #10.

32. Defendant Town and Country knew or should have known after this prior incident that there was an issue regarding propane distribution to or from Cabin #10 that could cause serious injury.

33. Thereafter, approximately three weeks prior to the Plaintiffs' incident, Camp Raninu contacted Defendant Town and Country to inspect, repair, replace, correct, service and/or maintain any issues concerning water heaters and propane distribution at the Camp and specifically, Cabin #10.

34. At or around that time, Defendant Town and Country came to Camp Raninu and did inspect, repair, replace, correct, service and/or maintain any issue concerning water heaters and propane distribution at the Camp and specifically, Cabin #10.

35. In the alternative, Defendant Town and Country came to Camp Raninu and did not inspect, repair, replace, correct, service and/or maintain any issues concerning water heaters and propane distribution at the Camp and specifically, Cabin #10.

36. Specifically, Defendant Town and Country failed to conduct a leak test of the entire Liquified petroleum (hereinafter "LP") propane system, which is required by NFPA 58, after an interruption in service occurs.

37. Upon information and belief, Defendant Town and Country represented to Camp Raninu that the issue concerning no water was inspected, repaired, replaced, corrected, serviced and/or maintained.

38. Defendant Town and Country knew or should have known there was an issue regarding the propane distribution to Cabin #10 that could cause serious injury again at this time.

39. On or about July 16, 2020, Plaintiff, Yehuda Rubin was in the course and scope of his employment for Camp Raninu.

40. At that time, there was a complaint by the youth campers that there was no hot water in Cabin #10.

41. On July 16, 2020, Plaintiff, Yehuda Rubin as part of his employment, went to the crawl space of Cabin #10 and noticed a pilot was out on the water heater. Plaintiff went to ignite the pilot of a water heater under Cabin # 10. Plaintiff Yehuda Rubin pressed the ignite button and upon doing the same, there was an explosion. The force of the explosion not only caused structural damage to Cabin #10, but fire proceeded out of the crawl space, outside of the cabin, and severely burned Nechama Rubin. Nechama Sandler was sitting in a golf cart outside of Cabin #10 waiting for her husband to do his work.

42. After Plaintiffs' incident, the yard line was abandoned by Defendant Town and Country and another propane distribution configuration was put in place.

43. After Plaintiffs' incident, the direct connections from each cabin to the yard line were abandoned except for a direct connection that runs for the propane tank to Cabin # 10.

44. After Plaintiffs' incident, the propane connections from each cabin were linked in a series, one cabin to another in a "daisy chain configuration", in lieu of the abandoned yard configuration.

45. At the time of Plaintiffs' incident, the second stage regulator on Cabin #10 was the same that had been there at the time of the incident, approximately one year prior.

46. After Plaintiffs' incident, the second stage regulator in Cabin #10 was replaced.

4847-4171-8004, v. 3

47. At the time of Plaintiffs' incident, Defendant Town and Country had entered into a written contract with Camp Raninu to inspect, repair, replace, correct, service and/or maintain water heaters propane distribution, including the main yard line.

48. In the alternative, at the time of the aforementioned incident, Defendant Town and Country had entered into a verbal contract with Camp Raninu to service inspect, repair, replace, correct, service and/or maintain water heaters and propane distribution, including the main yard line.

49. Upon information and belief, Defendant Town and County has been inspecting, repairing, replacing, maintaining, and/or servicing the waters heaters, the entirety of the propane distribution, and the main yard line at Camp Raninu for at least five (5) years prior to Plaintiffs' incident.

50. As such, before Plaintiffs' incident, Defendant Town and Country had been to Camp Raninu to inspect, repair, replace, correct, service and/or maintain issues with propane distribution, water heaters, and the main yard line on numerous occasions.

51. Defendant Town and Country failed to inspect and/or conduct a leak test and chose not to fix issues concerning propane distribution, specifically as it related to Cabin #10 when they knew or should have known said issues would cause injury.

52. All of the acts herein alleged were done or not done by the Defendant's agents, workers, servants and/or employees of Defendant acting within the course and scope of their employment, agency or authority for and on behalf of Defendant Town and Country.

53. Defendant Town and Country knew or should have known, at least approximately ( 1) year prior to Plaintiffs' incident that there was an issue with propane distribution, that it was

foreseeable that serious injury would occur, and that said issue and injuries were in relation to Cabin #10.

54. Defendant Town and Country's repeated acts in failing and choosing to ignore issues regarding propane distribution, including but not limited to water heaters, the main yard line, and Cabin #10, when they knew or should have known said acts were careless, negligent and reckless, created a foreseeable risk that an explosion and serious injury would occur to persons, including Plaintiffs.

55. Defendant Town and Country's repeated acts in failing and choosing to ignore issues regarding propane distribution, including but not limited to water heaters, the main yard line, and Cabin #10, were acts that were negligent, careless and reckless and were of unreasonable character and in disregard of a risk that Defendant knew or should have known would create harm.

56. Defendant Town and Country willfully and wantonly disregarded the issue with propane distribution, including but not limited to water heaters, the main yard line, and Cabin #10, knowing it was a risk to persons such as Plaintiffs.

57. Defendant Town and Country's acts in failing and choosing to ignore propane distribution issues, including but not limited to water heaters, the main yard line, and Cabin #10, when they knew or should have known said acts were careless, negligent and reckless, is conduct that is outrageous as it was so obvious that such acts would create an unreasonable risk and harm would follow to persons, such as Plaintiffs.

58. Defendant Town and Country's acts in failing, and choosing to ignore propane distribution issues, when they knew or should have known said acts were careless, negligent, and reckless, created a reckless indifference to others such as Plaintiffs.

59. At all times relevant hereto, when Defendant Town and Country was inspecting, repairing, replacing, correcting, servicing and/or maintaining, Defendant Town and Country had control over the propane distribution system, including the main yard line.

60. Prior to Plaintiffs' incident, it was feasible for Defendant Town and Country to conduct a leak test of the entire LP/propane system and subsequently disconnect service to the main yard line upon discovery of the LP/propane leak.

61. All the acts alleged herein were done or omitted by Defendant Town and Country, their agents, workers, employees and/or servants over which Defendant Town and Country had control.

## COUNT I

### PLAINTIFFS, YEHUDA RUBIN AND NECHAMA SANDLER INDIVIDUALLY AND AS H/W v. DEFENDANT TOWN AND COUNTRY

### NEGLIGENCE

62. Plaintiffs incorporates the above paragraphs as though the same were fully set forth herein at length.

63. The negligence, recklessness and carelessness of Defendant Town and Country consisted of the following:

    (a) failing to warn Plaintiffs of a dangerous condition;

    (b) maintaining the water heaters and propane distribution, in such a manner as to constitute a dangerous condition to persons such as Plaintiffs;

    (c) failing to inspect water heaters and propane distributions;

    (d) failing to properly instruct workers regarding safety equipment, rules and regulations regarding water heaters and propane distribution;

(e) failing to inspect the premises so as to discover the dangerous condition, including leaks in the propane distribution, that Defendant knew or should have known would cause an explosion;

(f) failing to employ, train and retain personnel sufficiently qualified to perform inspections, repairs, replacements, corrections, services and/or maintenance of water heaters propane distribution;

(g) failing to supervise the work properly;

(h) performing and furnishing services in a negligent, careless, and reckless manner, specifically allowing a dangerous condition of water heaters and propane distribution to exists when Defendant knew or should have known that said condition would cause foreseeable harm to persons such as Plaintiffs;

(i) failing to and/or improperly training workman, servants, and employees as to recognize, inspect, repair, replace, correct, service and/or maintain issues with propane distribution, water heaters, and the main yard line;

(j) failing to perform leak tests each time an interruption of service occurred;

(k) violating industry standards, specifically NFPA 58 and ANSI Standards as it relates to inspecting, servicing, installing, and maintaining propane distribution;

(l) improperly inspecting, repairing, replacing, correcting, servicing and/or maintaining propane distribution and water heaters at Camp Raninu; and,

(m) failing to warn Plaintiffs of the dangerous condition that would cause an explosion.

64. As a result of the aforesaid, Plaintiff, Yehuda Rubin sustained injuries to his head, neck, back, body, limbs, bones, cells, nerves, tissues, muscles and functions, including but not

4847-4171-8004, v. 3

limited to; being helicoptered from the scene to the hospital; second degree burns covering his face including his lips, eyebrows, eyes, and neck; second degree burns to his upper extremities and lower extremities; second degree burns to his torso and right and left ears; the need for oxygen due to saturation; debridement of the burns, disfigurement and scarring, some or all of which may be serious and may be permanent in nature.

65. As a result of the aforesaid, Plaintiff Nechama Sandler sustained injuries to her head, neck, back, body, limbs, cells, bones, nerves, tissue, muscles, and functions, including but not limited to: being helicoptered from the scene to the hospital; second degree burns on her right arm and bilateral legs; debridement of the burns; disfigurement and scarring, some or all of which may be serious and permanent in nature.

66. As a result of the aforesaid, the Plaintiffs have undergone great physical pain and mental anguish and they will continue to endure the same for an indefinite time in the future, to their great detriment and loss.

67. As a result of the aforesaid, the Plaintiffs have been compelled to expend large sums of money for medicine and medical care and attention in and about an effort to effect a cure of their aforesaid injuries and will be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to their great detriment and loss.

68. As a result of the aforesaid, the Plaintiffs have been unable to attend to their usual and daily duties and occupations, and they will be unable to attend to the same for an indefinite time in the future, to their great detriment and loss.

69. As a further result of the aforesaid, Plaintiffs have suffered a loss and depreciation of their earnings and earning power, and they may continue to suffer same for an indefinite time in the future to their great detriment and loss.

WHEREFORE, Plaintiffs, Yehuda Rubin and Nechama Sandler, individually and as husband and wife, claim damages of Defendant Town and Country in an amount in excess of Seventy-Fifty Thousand ($75,000.00) Dollars plus punitive damages.

## COUNT II

### PLAINTIFF, YEHUDA RUBIN v. DEFENDANT TOWN AND COUNTRY

### LOSS OF CONSORTIUM

70.     Plaintiffs incorporate the above paragraphs as though the same were fully set forth herein at length.

71.     Plaintiff, Yehuda Rubin is the husband of Nechama Sandler, Plaintiff above.

72.     As a further result of the negligence of the Defendant Town and Country, Plaintiff, Yehuda Rubin, has been deprived of the love and consortium of his wife, Plaintiff, Nechama Sandler, for a great period of time and will be deprived of the same for an indefinite time in the future, all to his great detriment and loss for which he claims reimbursement.

WHEREFORE, Plaintiffs, Yehuda Rubin and Nechama Sandler, individually and as husband and wife, claim damages of Defendant Town and Country in an amount in excess of Seventy-Fifty Thousand ($75,000.00) Dollars plus punitive damages.

## COUNT III

### PLAINTIFF, NECHAMA SANDLER v. DEFENDANT TOWN AND COUNTRY

### LOSS OF CONSORTIUM

73.     Plaintiffs incorporate the above paragraphs as though the same were fully set forth herein at length.

74.     Plaintiff, Nechama Sandler is the wife of Yehuda Rubin, Plaintiff above.

75. As a further result of the negligence of the Defendant Town and Country, Plaintiff, Nechama Sandler has been deprived of the love and consortium of her husband, Plaintiff, Yehuda Rubin, for a great period of time and will be deprived of the same for an indefinite time in the future, all to her great detriment and loss for which she claims reimbursement.

WHEREFORE, Plaintiffs, Yehuda Rubin and Nechama Sandler, individually and as husband and wife, claim damages of Defendant Town and Country, in an amount in excess of Seventy-Fifty Thousand ($75,000.00) Dollars plus punitive damages

STARK & STARK, P.C.

Dated: October 5, 2021    BY: _____
                              CARIN A. O'DONNELL, ESQUIRE
                              Attorney for Plaintiffs

4847-4171-8004, v. 3

## VERIFICATION

I, NECHAMA RUBIN, verify that the statements made in the foregoing COMPLAINT are true and correct to the best of my knowledge, information, and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

Dated: October 4, 2021

_____
NECHAMA RUBIN

## VERIFICATION

I, YEHUDA RUBIN, verify that the statements made in the foregoing COMPLAINT are true and correct to the best of my knowledge, information, and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

Dated: _October 4, 2021_____

_____
YEHUDA RUBIN